UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAVID JASON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00127-TWP-DML |
| | ) | |
| FLOYD COUNTY SHERIFF, | ) | |
| KINDERMAN, | ) | |
| ROY, | ) | |
| KELLEY JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

David Taylor is a pretrial detainee at the Floyd County Jail and is awaiting trial on federal charges. This action is based on Mr. Taylor's allegations that the Jail's staff has deprived him of treatment for serious medical conditions and that one officer retaliated against him for pursuing a grievance on the issue.

Mr. Taylor has filed an amended complaint that would inject nine new defendants and multiple new claims into the action. Because Mr. Taylor is a prisoner, the Court is obligated to screen his amended complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Background

Mr. Taylor filed his complaint in August 2021. Dkt. 1. When the Court screened Mr. Taylor's complaint in January 2022, it summarized his allegations as follows:

> Mr. Taylor is afflicted by chronic medical conditions, including heart trouble and a history of blood clots. When he arrived at the Jail in April 2021, he also reported a problem with one of his teeth.
>
> Mr. Taylor's tooth became infected, and he was not provided with enough antibiotics. Eventually, the tooth was pulled, but he was not provided antibiotics before or after the procedure. He believes that the infection entered his bloodstream and is causing him additional problems.
>
> Since his tooth was removed, Mr. Taylor has experienced "little puss bumps" on his neck, a "golf ball size lump" on his left shoulder blade, swelling in his left arm and leg, chest pains, another lump on his left shoulder "about the size of an egg," difficulty breathing, elevated pulse, and heart palpitations. See dkt. 1 at 7–11. These conditions have not been properly treated, and he has not received medication promptly when experiencing chest pains. Nurse Practitioner Roy and Nurse Kelley Johnson know about these conditions and have ignored them.
>
> Mr. Taylor wrote a grievance about his medical care, but Sergeant Kinderman called him a liar and threatened disciplinary action if he continued to file false grievances. Mr. Taylor alleges that the sheriff is aware that the medical staff "allows this facility to be ran like this." Dkt. 1 at 13.

Dkt. 12 at 2.

The Court identified plausible Fourteenth Amendment medical care claims against Nurse Johnson, Nurse Practitioner (NP) Roy, and the Sheriff, plus a First Amendment retaliation

claim against Sergeant Kinderman. Dkt. 12. The Court also dismissed claims against unnamed defendants and defendants Mr. Taylor named in the complaint but against whom he asserted no allegations. *Id.*

The action is now in merits discovery, which is set to conclude in mid-November.

### III. The Amended Complaint

The amended complaint does not abandon the allegations or claims Mr. Taylor originally asserted against Defendants Johnson, Roy, and Kinderman, and the Sheriff. Those claims **will continue to proceed**.

The amended complaint asserts claims against nine new defendants.

**A.      Nurse Nichols**

Mr. Taylor alleges that Nurse Courtney Nichols, along with Nurse Johnson and NP Roy, has been actively involved in his medical care and has prevented him from receiving necessary care for his serious conditions. The action **will proceed** with a Fourteenth Amendment medical care claim against Nurse Nichols.

**B.      Dr. Mayo**

Mr. Taylor alleges that Dr. Mayo refused to pretreat him with antibiotics before pulling his infected tooth in spring of 2021 or prescribe antibiotics after pulling the tooth. He believes this has caused some of the other long-term medical problems he describes in the amended complaint.

These allegations support a plausible Fourteenth Amendment claim against Dr. Mayo. However, it will not proceed in this action for the reasons discussed in Part IV below.

**C.      Officer Phillips**

Mr. Taylor alleges that, in February 2022, he experienced severe chest pains in his cell. Mr. Taylor's cellmate called for emergency help, and Officer Phillips answered but did not notify

a member of the medical staff or otherwise assist Mr. Taylor. Had Officer Phillips responded properly, Mr. Taylor could have received medication that would have alleviated his chest pains.

These allegations support a plausible Fourteenth Amendment claim against Officer Phillips, but it will not proceed in this action for the reasons discussed in Part IV below.

Mr. Taylor also alleges that he sought assistance from another officer after he received no help from Officer Phillips. Officer Phillips visited Mr. Taylor's cell and told him he "was not some boss." Dkt. 52 at 12. To the extent Mr. Taylor asserts a First Amendment retaliation claim against Officer Phillips, it is **dismissed** for **failure to state a claim** upon which relief may be granted.

A retaliation claim demands that the plaintiff show that "an adverse action was taken against him." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). "The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be 'likely [to] deter a person of ordinary firmness from continuing to engage in protected activity.'" *Id.* at 880 (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Id.* "Simple verbal harassment of a prisoner does not suffice." *Huges v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016) (cleaned up).

The complaint alleges only one action by Officer Philips after disregarding Mr. Taylor's request for medical assistance: that he visited Mr. Taylor's cell and told him he "was no boss." The amended complaint does not support a reasonable inference that this one statement would objectively deter an ordinary inmate from seeking medical assistance in the future.

## D.    Mr. Medlock

Mr. Taylor alleges that Cody Medlock of the U.S. Marshals Service is responsible for approving at least some of his medical care and refused to authorize at least some testing ordered

by a cardiologist. These allegations support a Fourteenth Amendment medical care claim against Mr. Medlock, but that claim will not proceed here for the reasons discussed in Part IV below.

### E.      Sergeant Meyers

Mr. Taylor alleges that one of the attorneys prosecuting his criminal case phoned the Jail in April 2022, and Sergeant Meyers shared confidential medical information with her. Claims against Sergeant Meyers for violating Mr. Taylor's rights under the Health Insurance Portability and Accountability Act (HIPAA) are **dismissed** for **failure to state a claim** upon which relief may be granted. It is true that "HIPAA prohibits the disclosure of medical records without the patient's consent." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Even so, "HIPAA confers no private right of action." *Id.* "Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs." *Id.*

### F.      Claims Regarding Grievances

Mr. Taylor alleges that several defendants have violated aspects of the Jail's grievance procedure. Sometimes, grievances do not receive answers. Sometimes, the officer who answers a grievance also answers the appeal. Sometimes, Mr. Taylor submits a grievance only to be told he must file a request for medical care. Supervisors do not hold officers accountable when they fail to follow the grievance policy.

Denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner

violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

Moreover, an officer who receives a grievance regarding medical care—the matters that are the subject of this lawsuit—"can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). If the officer learns that the prisoner "is under the care of medical experts," he "will generally be justified in believing that the prisoner is in capable hands." *Id.* While Mr. Taylor alleges at length that the defendants should be providing him more or different medical treatment, there is no dispute that the Jail medical staff is aware of and receiving complaints about Mr. Taylor's medical conditions. The amended complaint does not support an inference that the medical staff is ignoring Mr. Taylor's conditions all together or affirmatively mistreating him.

For these reasons, claims based on grievance responses or mismanagement of the grievance system are **dismissed** for **failure to state a claim** upon which relief may be granted. This includes all claims against Captain Furman, Lieutenant Brett O'Laughlin, Sergeant Ward, and Sergeant Deckard. It also includes claims against the Sheriff and Sergeant Kinderman that are not identified elsewhere in this order.

### IV. Claims that Will Be Severed

Federal Rule of Civil Procedure 21 gives the Court authority to "sever any claim against a party." "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Id.* This means only that "one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Servs. of Indiana*, 451 F.3d 424, 442 (7th Cir. 2006).

The Court exercises its broad discretion under Rule 21 and severs viable claims against Dr. Mayo, Officer Phillips, and Mr. Medlock, such that Mr. Taylor may pursue them in separate actions.

Mr. Taylor's allegations that Dr. Mayo failed to treat him with antibiotics before or after pulling his infected tooth is arguably part of the same series of medical incidents involving the other medical defendants, such that they could be properly joined under Rule 20(a)(2). However, claims against Dr. Mayo would be based on incidents that occurred over a period of at most a few days—not over a year, as is the case for the other medical defendants. Additionally, finding that Dr. Mayo treated Mr. Taylor's infected tooth unreasonably and caused an infection would not require a finding that the other defendants approached the symptoms of that infection unreasonably, or vice versa. Finally, given that Mr. Taylor has not identified an address where the Court can serve Dr. Mayo, or even his employer, incorporating Dr. Mayo into this suit would necessarily—and likely significantly—delay resolution of the claims already proceeding.

Similarly, Mr. Taylor's allegations that Officer Phillips ignored his serious chest pains in February 2022 are at least arguably joinable with his other medical claims because it occurred within the same timeframe as the allegedly unreasonable approach to his many medical conditions. *See* Fed. R. Civ. P. 20(a)(2). However, the allegations against Officer Phillips pertain to one incident that occurred within the space of one day—perhaps even a few hours—and not numerous interactions over a span of several months. The allegations would not prevent Mr. Taylor from winning claims against the other medical defendants and losing against Officer Phillips or vice versa. Discovery regarding Officer Phillips' incident is likely to be much narrower than—and unrelated to—discovery regarding his monthslong medical care claims. Litigation of both sets of claims will likely be simpler if they proceed in separate actions.

Finally, claims against Mr. Medlock are arguably part of the same series of medical care incidents given that he allegedly withheld approval for medical testing. But Mr. Taylor alleges that Mr. Medlock refused to sign off on one procedure. A finding that the Jail medical defendants treated Mr. Taylor's conditions unreasonably would not preclude a finding that Mr. Medlock's refusal to approve one procedure did not harm Mr. Taylor, and a verdict against Mr. Medlock would not preclude a finding that the Jail medical defendants acted reasonably. Bringing Mr. Medlock into the case—as a federal actor—would also likely stall the rest of the case while awaiting an answer and resolving any preliminary motions or affirmative defenses.

## V. Conclusion

This action **will proceed** with Fourteenth Amendment medical care claims against Nurse Johnson, Nurse Nichols, Nurse Practitioner Roy Washington, and the Sheriff, plus a First Amendment retaliation claim against Sergeant Kinderman.

The **clerk is directed to add** Nurse Courtney Nichols as a defendant on the docket; to change "Nurse Roy" to "Nurse Practitioner Roy Washington;" and to change "Floyd County Sheriff" to "Sheriff Frank Loop."

The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Nurse Nichols in the manner specified by Fed. R. Civ. P. 4(d). Process will consist of the amended complaint (dkt. [52]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

All other defendants have already appeared and will answer the amended complaint in the time required by Rule 15(a).

The pretrial schedule, dkt. 33, remains in effect, with the following modifications. The parties will have **through February 3, 2023**, to complete discovery and **through March 3, 2023**,

8

to file dispositive motions. Nurse Nichols will have **through January 6, 2023**, to satisfy any deadline in the pretrial schedule that has already passed.

The following claims are **severed** pursuant to Rule 21: (a) Fourteenth Amendment medical care claim against Dr. Mayo; (b) Fourteenth Amendment medical care claim against Officer Phillips; and (c) Fourteenth Amendment medical care claim against Mr. Medlock. Mr. Taylor will have **through November 4, 2022**, to notify the Court for which of these claims he would like the Court to open new actions. For each claim so identified, the Court will open a new action, and Mr. Taylor will be required to pay the filing fee or move for leave to proceed *in forma pauperis*. If Mr. Taylor does not respond in the time provided, the Court will dismiss these claims without prejudice.

**IT IS SO ORDERED.**

Date: 10/7/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID JASON TAYLOR
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Christine Clark Sims
KIGHTLINGER & GRAY LLP
csims@k-glaw.com

Nurse Courtney Nichols
Floyd County Jail
311 Hauss Sq.
New Albany, IN 47150