# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| DAVID JASON TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21-cv-00127-TWP-KMB |
| | ) |
| SHERIFF FRANK LOOP, | ) |
| KINDERMAN, Sgt., in his individual and official | ) |
| capacities, | ) |
| PRACTITIONER ROY WASHINGTON, | ) |
| KELLEY JOHNSON, Nurse, Medical Staff, in her | ) |
| individual and official capacities, | ) |
| NURSE COURTNEY NICHOLS, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART MOTION TO COMPEL AND ORDERING
## DEFENDANT ROY WASHINGTON AND HIS COUNSEL TO SHOW CAUSE

This matter is before the Court on Plaintiff David Jason Taylor's ("Taylor") Motion to Compel Defendant Roy Washington to Comply with Order for Preliminary Injunction. (Dkt. 84.) This action concerns Taylor's medical care at the Floyd County Jail, where he was incarcerated until recently. On October 7, 2022, the Court granted a narrow preliminary injunction in response to Taylor's broad motion for preliminary injunctive relief. (Dkts. 61, 62.) In his Motion to Compel, Taylor alleges that Defendant Roy Washington ("NP Washington") disobeyed the Preliminary Injunction. The Court finds his Motion meritorious, but his recent transfer to a different jail precludes the Court from ordering further injunctive relief against NP Washington. Instead, the Court **grants** the Motion to Compel, **in part**, and **orders** NP Washington and his counsel to show cause why sanctions should not issue.

## I.  BACKGROUND

Taylor initiated this action on        alleging the Defendant failed to provide constitutionally

adequate medical care to his serious medical condition. On October 7, 2022 the Court granted a

narrow preliminary injunction on Taylor's behalf. (Dkt. 62.)  The Preliminary Injunction ordered

Defendant Washington, the nurse practitioner charged with Taylor's care, to file one of two

documents by October 14, 2022:

> (a) a notice that NP Washington has examined Mr. Taylor with particular attention
> to the ongoing pain, numbness, swelling, and redness in his left arm and leg.
> This notice must state NP Washington's diagnosis and plan for treating the
> condition.
>
> (b) a notice confirming that NP Washington has identified an appropriate physician
> to assess and treat the ongoing pain, numbness, swelling, and redness in Mr.
> Taylor's left arm and leg; that an appointment has been scheduled; and that he
> will implement any recommendations from that physician.

*Id*. at 1.

NP Washington chose the first path and filed a notice of compliance with the preliminary

injunction Order on October 13, 2022, stating that he had conducted an examination of Taylor

"with particular attention to Mr. Taylor's complaints related to his extremities". (Dkt. 67 at 1.)

Notes of an examination dated October 10, 2022 reflect that NP Washington examined Taylor's

head, eyes, neck, chest, lungs, heart, and abdomen in addition to his left arm and leg.  (Dkt. 67-1.)

According to these notes, Taylor's arms and legs appeared normal, with no swelling, discoloration,

or difference between right and left.  *Id.*  Based on this examination, NP Washington found no

change in treatment was warranted.  *Id.*

NP Washington also filed an affidavit, sworn under penalty of perjury.  (Dkt. 67-2.)

Relevant to this order, NP Washington attested: "As to Mr. Taylor's lower extremities, I examined

both Mr. Taylor's left and right legs. I observed no edema or swelling in Mr. Taylor's legs. Mr.

Taylor's skin on his legs was pink and warm. I observed no color difference between the right and left legs."  *Id.* at ¶ 4.

On November 28, 2022, Taylor filed a motion entitled "Motion to Compel Defendant Roy Washington to Comply with Order for Preliminary Injunction."  (Dkt. 84.)  Taylor alleges that NP Washington did not undertake the examination described in his filings, and he asks the Court to direct NP Washington to implement the second option afforded by the Preliminary Injunction. Specifically, Taylor alleges that NP Washington did not examine his legs—and could not have done so—because he never removed his legs from his jump suit.  *Id.* at ¶ 5.

NP Washington, by counsel, responded on December 12, 2022.  (Dkt. 88.)  The response does not directly confront Taylor's allegations regarding the thoroughness of NP Washington's examination or compliance with the Court's order, rather, it simply states that NP Washington "has complied with all Court Orders regarding Plaintiff's medical care."  *Id.* at ¶ 5.

Along with his reply, Taylor filed security video from the Floyd County Jail of a medical examination that appears to have taken place beginning at 7:52 A.M. on October 10, 2022.  (Dkt. 91.)  The Court has reviewed this video, and it shows the following:

- A man, presumably Taylor, enters an examination room, sits down, undergoes a brief medical examination, and exits the room.

- This all takes place in four minutes and seventeen seconds.

- During the first two minutes, a female medical professional takes Taylor's blood pressure, pulse, and temperature. During this time, a male medical professional, presumably NP Washington, sits at a desk a few feet away from the examination table.

- As NP Washington stands up, Taylor opens the top of his prison jumpsuit and removes his shirt. The pant legs of Taylor's jumpsuit remain closed to the waist.

- For the next 90 seconds, NP Washington holds a stethoscope to Taylor's back, chest, abdomen, and neck as Taylor breathes.

- NP Washington squeezes the fingertips on each of Taylor's hands.

- Taylor puts on his shirt, closes his jumpsuit, stands up, and walks out of the room.

The brevity of this video calls into question the thoroughness of NP Washington's examination and the truthfulness of his treatment notes and affidavit, (*see* Dkts. 67-1, 67-2). For example, it appears doubtful to a layperson that NP Washington could have assessed Taylor's pupils or the range of motion of his neck during the brief examination captured on video. More pointedly, if the video is authentic and captures the entire examination, it shows that NP Washington defied the instructions in the Preliminary Injunction, then filed treatment notes and a sworn affidavit containing materially false statements.

The Court specifically ordered NP Washington to give "particular attention to the ongoing pain, numbness, swelling, and redness in [Taylor's] left arm and leg." (Dkt. 62 at 1.) NP Washington attested that he examined Taylor's legs to the extent he could observe their swelling, color, and warmth, (*see* Dkt. 67-2 at ¶ 4), but the video shows that he never touched them, and they were never visible.

NP Washington has not filed a surreply or otherwise addressed the video filed with Taylor's reply. Taylor has notified the Court that he is no longer incarcerated at the Floyd County Jail following a transfer to the Henderson County Detention Center in Kentucky. (Dkt. 100.)

## II.  <u>MOTION TO COMPEL</u>

Taylor's Motion to Compel is meritorious. The undisputed record before the Court shows that NP Washington did not provide the medical examination ordered by the Court's Preliminary Injunction.

If not for Taylor's transfer, the appropriate remedy would be for the Court to modify the Preliminary Injunction and order NP Washington to arrange his examination by an outside physician. "There is . . . no dispute but that a sound judicial discretion may call for the modification

4

of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *System Federation No. 91, Railway Employes Department, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961).  The Court found that Taylor needed a prompt medical examination and gave NP Washington the option to complete the examination himself or delegate it to an appropriate physician.  NP Washington reported that he completed the examination himself and did so thoroughly, but the record makes clear that his examination did not include a meaningful assessment of the conditions at issue.  Taylor still needs a prompt, thorough examination, but NP Washington has undermined the basis for entrusting it to him.

Modification of the Preliminary Injunction is no longer possible, however, due to Taylor's transfer to another facility.  This action concerns his medical care at the Floyd County Jail by Floyd County Jail staff members.  "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  And the proper defendant on a claim for injunctive relief is the official "who would be responsible for ensuring that any injunctive relief is carried out." *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Taylor is no longer incarcerated at the Floyd County Jail, and these defendants are no longer responsible for his medical care.

Therefore, Taylor's Motion to Compel, Dkt. [84], is **granted in part**.  The Court cannot grant the relief Taylor originally requested, which was to enforce the Preliminary Injunction. Instead, the Court **ORDERS** NP Washington and his counsel to show cause why they should not be sanctioned for failure to comply with the Court's order.

### III.  ORDER TO SHOW CAUSE

The Court "has wide latitude to craft civil contempt sanctions to coerce obedience to the court's orders." *Teledyne Techs. Inc. v. Shekar*, 739 F. App'x 347, 351 (7th Cir. 2018) (citing *Connolly v. J.T. Ventures*, 851 F.2d 930, 932–33 (7th Cir. 1988)).  NP Washington will have **through Tuesday, February 14, 2023, to show cause** why he should not be held in contempt or otherwise sanctioned for violating the Preliminary Injunction.

The Court also has authority to sanction parties and attorneys who knowingly present false statements in their filings.  Indeed, this Court sanctioned a medical professional for submitting a declaration with statements about a medical examination that were later shown to be untrue by video evidence.  *See Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP, 2019 WL 1043256 (S.D. Ind. Mar. 5, 2019).  In the same order, the Court sanctioned her attorney, who filed the false statement and then failed to correct it after the plaintiff offered video evidence of its falsity.  *Id.* Therefore, NP Washington and his counsel will all have **through Tuesday, February 14, 2023, to show cause** why they should not be sanctioned based on their filings in response to the Preliminary Injunction (Dkt. 67, *et seq.*) and Motion to Compel (Dkt. 88).

### IV.  CONCLUSION

Taylor's Motion to Compel, Dkt. [84], is **GRANTED in part**.  NP Washington and his counsel will have **through Thursday, February 16, 2023**, to respond to the show cause orders in Part III above.

**SO ORDERED.**

Date: 2/2/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

DAVID JASON TAYLOR, #138646
HENDERSON COUNTY DETENTION CENTER
Inmate Mail/Parcels
380 Borax Drive
Henderson, Kentucky  42420

Christine Clark Sims
KIGHTLINGER & GRAY LLP
csims@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Travis W. Montgomery
BLEEKE DILLON CRANDALL, P.C.
travis@bleekedilloncrandall.com